## Charles W. Hinkley

### v.

### Alanson H. Reed et al.

*Opinion filed October 16, 1899—Rehearing denied December 8, 1899.*

1. Appeals and errors—*when judgment of Appellate Court is conclusive.* A judgment of the Appellate Court settling a question of fact against the appellees, from which the appellees neither appeal nor assign cross-errors upon the further appeal by the appellant, is conclusive upon the Supreme Court as to such question.

2. Voluntary assignments—*general assignment does not pass title to property previously fraudulently conveyed.* A general assignment for the benefit of creditors does not pass to the assignee any interest in property which had been fraudulently transferred by the assignor before the assignment, nor any right to impeach or set aside such fraudulent transfer.

3. Fraud—*fraudulent conveyance prior to assignment is ineffectual as against judgment creditors.* A fraudulent conveyance of property made by a debtor prior to a general assignment for the benefit of creditors is ineffectual and inoperative as against a judgment creditor by whom it may be impeached.

*Hinkley* v. *Reed,* 82 Ill. App. 60, reversed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. S. Tuthill, Judge, presiding.

M. B. & F. S. Loomis, for appellant.

Samuel M. Booth, for appellees.

Mr. Justice Wilkin delivered the opinion of the court:

This is a proceeding by creditor's bill, begun in the circuit court of Cook county by Charles W. Hinkley, against Alanson H. and J. Warner Reed, principal defendants, individually and as co-partners, under the name of A. Reed & Sons, and against them and others as a corporation by the same name, to subject the assets of the partnership to the payment of a judgment of $595.19 in his favor, recovered May 31, 1898, in the Cook county circuit court.

The bill alleges that the principal defendants, as part-
ners, have been for several years before this time engaged
in manufacturing and selling pianos under the firm name
of A. Reed & Sons, having a main office at Chicago and
a factory at Dixon, Illinois.   On May 27, 1898, being in-
solvent and indebted to complainant, the partnership
conveyed all its assets to a corporation styled A. Reed &
Sons, which had been recently organized and chartered.
As a consideration for this transfer Alanson H. Reed
and J. Warner Reed received each two hundred and fifty
shares of paid-up, non-assessable capital stock of the
corporation.   The corporation did not, at the time of the
transfer, assume and agree to pay the debts of the part-
nership.   After the transfer the business appears to have
been conducted in all respects as it was before.   On the
following day the Reeds, in their individual capacity and
as partners, made an assignment of their assets (which
then consisted only of the shares of stock) to George M.
Signor for the benefit of their creditors.   In a proceeding
subsequently thereto by the New York Life Insurance and
Trust Company against the principal defendants herein,
the transfer to the corporation was held void because it
did not thereby assume the payment of the debts of the
partnership.   The corporation soon afterwards, on July
8, 1898, by resolution, assumed the payment of that in-
debtedness, and then made an assignment of all its assets
to the Chicago Title and Trust Company, as assignee,
for the benefit of its creditors.

The prayer of the bill is that the transfer by the part-
nership to the corporation, and the voluntary assignment
by the Reeds of their assets (being the stock) to Signor,
and the assignment of the corporation to the Chicago
Title and Trust Company, be held fraudulent, and that
the Chicago Title and Trust Company be decreed to hold
all of said property and assets in trust for the principal
defendants, and that the said assets be subjected to the
payment of the judgment of complainant.   The principal

defendants answered, admitting all the material allegations of the bill except those alleging fraud. Upon the hearing the bill was dismissed. Hinkley appealed to the Appellate Court, where the transfer by the partnership to the corporation was held void, but that court found the assignment of the Reeds to Signor, on May 28, 1898, for the benefit of their creditors, was valid and effectual as a voluntary assignment to invest Signor with title to all of the assets and property of the Reeds for the benefit of their creditors, including the property attempted to be transferred to the corporation, and that the assignment by the corporation to the Chicago Title and Trust Company was ineffectual and inoperative. The judgment of the Appellate Court failing to give the relief prayed in the bill,—the holding being, in effect, that the complainant, who obtained his judgment on May 31, 1898, a few days after the fraudulent transfer, is entitled to no preference,—Hinkley prosecutes this further appeal.

The question as to whether the transfer by the partnership to the corporation was legal is not before this court. The Appellate Court, by its judgment, settled that point in favor of appellant, and appellees have neither prosecuted an appeal from that judgment nor assigned cross-errors upon this record. We cannot, under this state of the record, go behind the judgment of the Appellate Court in that regard.

The only errors assigned here are by appellant, questioning the judgment of the Appellate Court in so far as it holds the assignment by the Reeds of May 28, 1898, a valid assignment of all of their property, including that attempted to be transferred to the corporation.

We think the Appellate Court erred in holding that the assignment to Signor was effectual to pass title to the property previously conveyed by the parties to the corporation,—first, because it clearly appears from the allegations of the bill, the answer and the facts shown, that it was not the intention of the Reeds to pass any-

thing by that assignment except the stock which they had received for the property transferred; and second, the scheme of transferring the property to the corporation being fraudulent and void as to creditors, the subsequent general assignment could not pass to the assignee property attempted to be transferred by the previous fraudulent conveyance. It is well settled that a general assignment for the benefit of creditors does not pass to the assignee any interest in property before fraudulently transferred by the assignor, nor any right to impeach or set aside such fraudulent transfer. Such right belongs to the creditors alone. (*Bouton* v. *Dement*, 123 Ill. 142, and cases cited.) The transfer was good between the parties, and is voidable only at the instance of interested third persons. As to the appellant, a judgment creditor, the fraudulent transfer to the corporation and the assignment by the Reeds of their stock to Signor, as well as the assignment subsequently attempted to be made by the corporation to the Chicago Title and Trust Company, are ineffectual and inoperative. Upon these facts, treating the transfer to the corporation as fraudulent, both assignments are void, and the trust company holds the property subject to the judgment creditors of the Reeds, and a court of equity, under this creditor's bill, may direct the application of those assets to the satisfaction of appellant's judgment.

The judgment of the Appellate Court holding the assignment to Signor effectual to pass to him title to all the property of the Reeds, including that previously attempted to be transferred to the corporation, will be reversed and the cause remanded to the circuit court, with direction to proceed in conformity with the views here expressed.           *Reversed and remanded.*